UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JULIAN OKEAYAINNEH**<br>**REG. # 20515-112** | : | **DOCKET NO. 19-cv-01052**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **R. MYERS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Julian Okeayainneh. Okeayainneh is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the action be **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND

On February 28, 2012, a jury found Julian Okeayainneh guilty of conspiracy to commit bank fraud, bank fraud, mail fraud, wire fraud, aggravated identity theft, conspiracy to commit money laundering, and trafficking in false authentication features. See *United States v. Okeayainneh*, 2019 U.S. Dist. LEXIS 171707, 2019 WL 4888880 at *2 (D. Minn., Oct. 2, 2019). He was sentenced to a term of 324 months order to pay restitution in the amount of $4,368,192.01. *Id*. at *3. The Eighth Circuit Court of Appeals affirmed his sentence, *United States v. Okeayainneh*, 668 F. App'x 681, 2016 U.S. App. LEXIS 16562, 2016 WL 4709867 (8th Cir. 2016),

and the United States Supreme Court denied his petition for writ of certiorari and petition for rehearing, *Okeayainneh v. United States*, 137 S.Ct. 704 (2017). According to petitioner, the Eighth Circuit later vacated the restitution award. Doc. 5, pp. 6-7. He now files the instant petition pursuant to 28 U.S.C. § 2241, contesting the Bureau of Prisons continued collection of restitution payments.

## II.
### LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

Petitioner has filed the instant civil action as a request for habeas relief pursuant to 28 U.S.C. § 2241. A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). However, Fifth Circuit jurisprudence instructs that district courts lack jurisdiction to entertain § 2241 petitions challenging restitution or monetary fines

because such claims do not satisfy the "in custody" requirement of § 2241. *Miller v. Berkebile*, 2007 U.S. App. LEXIS 30627 at *7 (5th Cir. 2007). Accordingly, this Court lacks jurisdiction to consider Okeayainneh's petition under § 2241 because his claim challenging only the restitution portion of his sentence does not satisfy the "in custody" requirement either § 2241.[1] *Id.*

### III.
### CONCLUSION

For the reasons stated above, Okeayainneh's petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for lack of subject matter jurisdiction. Accordingly, **IT IS RECOMMENDED** that the instant petitioner be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

---

[1] The district court in Minnesota has addressed this claim, finding that the vacating of co-defendant Adetokunbo Olubunmi Adejumo's restitution obligation had no effect on Okeayainneh's obligation, other than to provide that Adejumo was no longer jointly and severally liable on any portion of Okeayainneh's restitution obligation. *United States v. Okeayainneh*, 2019 U.S. Dist. LEXIS 171707, 2019 WL 4888880 at *6-7 (D. Minn., Oct. 2, 2019). Okeayainneh's restitution obligation was not vacated. Id. at *7.

-4-

THUS DONE AND SIGNED in Chambers this 11th day of December, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE